**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHUN HE LI,
                              *Petitioner*

v.

JOHN ASHCROFT, Attorney General,
                              *Respondent.*

No. 02-72689

Agency No.
A70-011-792

ORDER

Filed February 2, 2005

Before: Jerome Farris, John T. Noonan, and
Johnnie B. Rawlinson, Circuit Judges.

Order;
Dissent by Judge Hawkins

---

## ORDER

A judge sua sponte called for rehearing en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35(b). Accordingly, the sua sponte call for rehearing en banc is rejected.

The mandate shall issue in due course.

---

HAWKINS, Circuit Judge, with whom Judges PREGERSON, THOMAS and PAEZ join, Dissenting from the Order Denying En Banc Review:

It is unfortunate that we did not grant the Petition for Rehearing En Banc here. As Judge Noonan's dissent from the panel opinion makes clear,[1] this was a strong case on the merits of Li's asylum claim. Li violated China's one-child policy, a form of persecution that Congress recognizes as a basis for asylum, by fathering three children. These undisputed core facts establish a claim for asylum that should have been impervious to inconsistencies not at its heart. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002).

Li has every reason to fear officially-sanctioned persecution if returned to China. Following the birth of his second and third children, Li was fined substantially and his wife was sterilized. But the merits of this compelling case were never reached because Li was judged to lack credibility. Judge Noonan cogently describes the thin veneer underlying that determination:

> [B]ased on misinterpreting Li's candid testimony about hiding in China, exaggerating the significance of his memory of the fines; chastising him for not embroidering what he suffered as officials enforced the official population policy, guessing that his wife's sterilization was voluntary, and marveling at his non-assertions of a basis for asylum at times when it could not have been legally effective, the IJ found Li incredible on the issue of past persecution.

378 F.3d at 967 (Noonan, J. dissenting).

---

[1] *Li v. Ashcroft*, 378 F.3d 959, 964-68 (9th Cir. 2004) (Noonan, J., dissenting).

That the IJ got it wrong factually and the panel accepted the result would be far less troubling and less worthy of en banc consideration were it not plain that, along the way, two of our cardinal principles relating to credibility determinations were simply ignored. The first of these is that an adverse credibility determination cannot stand if based on speculation or conjecture. *See Shah v. INS*, 220 F.3d 1062, 1069, 1071 (9th Cir. 2000); *Kaur v. Ashcroft*, 379 F.3d 876, 887-88 (9th Cir. 2004); *Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir. 2004); *Guo v. Ashcroft*, 361 F.3d 1194, 1201-02 (9th Cir. 2004); *Arulampalam v. Ashcroft*, 353 F.3d 679, 687-88 (9th Cir. 2003); *Wang v. INS*, 352 F.3d 1250, 1255-56 (9th Cir. 2003); *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052 (9th Cir. 2002); *Singh v. INS*, 292 F.3d 1017, 1024 (9th Cir. 2002); *Gui v. INS*, 280 F.3d 1217, 1226-27 (9th Cir. 2002); *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (per curiam); *Bandari v. INS*, 227 F.3d 1160, 1167-68 (9th Cir. 2000); *Chouchkov v. INS*, 220 F.3d 1077, 1083 (9th Cir. 2000); and *Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996). Here, the IJ repeatedly engaged in rank speculation and conjecture, one flagrant example of which is her declaration that Li's wife might have voluntarily submitted to sterilization.

The second principle is this: where an asylum seeker offers an explanation for a perceived inconsistency, the IJ must consider and address that explanation; failing to do so vitiates the inconsistency as a basis to determine adverse credibility. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004); *Guo v. Ashcroft*, 361 F.3d 1194, 1200-01 (9th Cir. 2004); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001); *Chen v. INS*, 266 F.3d 1094, 1100 (9th Cir. 2001), *overruled on other grounds by INS v. Ventura*, 537 U.S. 12 (2002) (per curiam); and *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998). Here, the panel majority relied heavily upon an inconsistency between Li's hearing testimony and his airport entry interview.[2] But

---

[2]We have heretofore been reluctant to accord weight to statements that immigrants make to authorities in airport interviews. *See Singh v. INS*, 292 F.3d. 1017, 1021-22 (9th Cir. 2002).

nowhere in the record did the IJ comment on Li's explanation (that he feared that a truthful response in the airport interview would result in his immediate return to China).

We should have taken this case en banc and remanded Li's petition for the BIA to determine the merits of Li's asylum claim shorn of the inappropriate credibility determination.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO
———————

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.