**Hovsep AVAGYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71057.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Jan. 3, 2007.

Matthew J. Jacobs, Esq., Katherine C. Kim, Esq., McDermott, Will & Emery, Palo Alto, CA, for Petitioner.

Hovsep Avagyan, North Hollywood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Rosemary S. Thompson, U.S. Department of Justice, Chicago, IL, for Respondent.

Before: NOONAN, COX *, and PAEZ, Circuit Judges.

### MEMORANDUM **

Petitioner Hovsep Avagyan appeals a BIA decision that adopted and affirmed the denial by an Immigration Judge (IJ) of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT).

---

* The Honorable Emmett Ripley Cox, Senior Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The IJ denied all relief based on his determination that Avagyan lacked credibility.

Avagyan is an Armenian national who was active in a political opposition movement known as the Front of National Consent (FNC). During his merits hearing, Avagyan testified that based on his participation in the FNC, he was twice arrested, detained and beaten, and denied access to a lawyer. He suffered injuries including a fractured jaw and the loss of fifteen teeth as a result of police brutality. Avagyan also testified that because of his political activity, one of his sons, who was serving in the military, was severely mistreated by his commanders, and that his second son was expelled from his university and conscripted into the military. His family continued to face harassment by the police after he fled Armenia.

The IJ cited three reasons for his conclusion that Avagyan lacked credibility, none of which supports the adverse credibility determination. First, the IJ disbelieved Avagyan's testimony because a municipal hospital report that listed "[n]umerous injuries and bruises spread all over the body, concussion ... and numerous post-traumatic injuries and bruises" did not include the chin and jaw injuries that Avagyan described in court. The omission of an injury from a medical report that is otherwise consistent with an asylum applicant's testimony "cannot serve as the basis for [an] adverse credibility determination." *Baljit Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002). Moreover, Avagyan corroborated his testimony with other medical records and provided a reasonable explanation for the omission from the municipal hospital report.

Second, the IJ determined that a family photograph was inconsistent with Avagyan's testimony that the military was severely mistreating his son. The black-and-white photograph, taken from some distance away, neither corroborates nor contradicts Avagyan's testimony that his son had sustained various internal injuries and that he suffered from lung and kidney infections. Moreover, the IJ engaged in impermissible speculation that Avagyan's wife would not have smiled for the photograph if her son were actually suffering as Avagyan alleged. An IJ's "rank speculation or conjecture" will not support an adverse credibility determination. *Li v. Ashcroft*, 396 F.3d 1073, 1074 (9th Cir. 2005).

Finally, the IJ concluded that Avagyan was not credible because, despite being in possession of a valid U.S. visitor's visa and despite his sons' mistreatment and his own arrest, he resumed anti-government demonstrations. But Avagyan was not required to demonstrate cessation of all political activity after the initial persecution. Nor does this court's precedent require that an individual in possession of a valid U.S. visa immediately immigrate to this country to avoid further persecution. *See, e.g., Baljit Singh*, 301 F.3d at 1110, 1114 (reversing an adverse credibility determination when petitioner had resumed political opposition work after being beaten by the police).

Although an IJ's adverse credibility determination is entitled to judicial deference, see *Ghaly v. INS*, 58 F.3d 1425 (9th Cir.1995), here, Avagyan's testimony and documentation "compel[s] ... a contrary result," *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997) (construing the substantial evidence standard). Because the IJ failed to give any "legitimate articulable basis to question the petitioner's credibility, and ... [did not] offer[ ] a specific, cogent reason for any stated disbelief," *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003), we grant the petition for review and remand with instructions to proceed

with a determination on the merit's of Avagyan's application for asylum, withholding of removal, and CAT relief. *See INS v. Orlando Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED and REMANDED.**